```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :      CRIMINAL ACTION
                              :
         v.                   :
                              :
BASIL BUIE                    :      NO. 15-187
```

MEMORANDUM

Bartle, J.                                       August 25, 2015

      Before the court is the motion of defendant Basil Buie ("Buie") for modification of the conditions of his pretrial detention.

      On July 2, 2015 Buie was indicted for conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a), attempted robbery also in violation of § 1951(a) and (2), and kidnapping in violation of 18 U.S.C. § 1201(a)(1) and (2). As charged in the superseding indictment, Buie and two codefendants conspired to rob a jewelry store in Philadelphia, Pennsylvania and attempted to carry out that scheme by kidnapping one of the store's employees.

      At trial, the Government will present evidence that Buie and his two codefendants surveilled the jewelry store for an extended period. On or about April 4, 2015, the three purportedly went to the jewelry store in a van, abducted a 53-year-old store employee, bound her hands and feet with zip ties, and drove away with her. The Government charges that the three men beat the employee and shocked her with a Taser in an

effort to compel her to give them her keys and to disclose the store's security alarm codes.  As they drove, the three forced their victim to lie on the floor of the van, where Buie sat on her in order to keep her under control.  In addition, the Government charges that Buie stole the victim's purse, which contained, among other things:  her identification, credit, and ATM cards; cash; and prescription medication.  Buie and his codefendants eventually abandoned their victim bound, gagged, and blindfolded in a cemetery in Darby, Pennsylvania.  Money was later withdrawn from her bank account with one of the debit cards stolen along with her purse.

After a pretrial detention hearing, Magistrate Judge Elizabeth Hey ordered Buie to be detained without bail before trial.  Buie now seeks review of this order.  We held an evidentiary hearing and now make a de novo determination of the defendant's eligibility for bail and what pretrial conditions of release, if any, are appropriate.  See United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985).

Bail is to be determined in accordance with the Bail Reform Act, 18 U.S.C. §§ 3141 et seq.  Under § 3142 the court is to release a defendant on personal recognizance or subject to conditions unless it determines after a hearing that there is "no condition or combination of conditions [which] will reasonably assure the appearance of the person as required and

the safety of any other person and the community." 18 U.S.C. § 3142(e), (f). Except in certain circumstances not relevant here, it is the Government's burden to prove by a preponderance of the evidence that no such conditions exist. The court is to consider the following factors in making its determination:

    (1)  [T]he nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    (2)  the weight of the evidence against the person;

    (3)  the history and characteristics of the person, including--
        a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
        b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

Id. § 3142(g).

We first turn to the nature and circumstances of the charged offenses. The superseding indictment charges Buie with extremely violent crimes. The Government will present evidence that he and his codefendants kidnapped the 53-year-old employee of a jewelry store which they planned to rob. They then tortured and terrorized her for an extended period in an effort to force her to turn over her keys and to disclose security information. After continuously beating her and shocking her with a Taser, they dumped her in a cemetery miles from where she had been captured. Minutes later, they allegedly abducted her and assaulted her again.

We note also that the nature of the crimes with which Buie is charged and the circumstances surrounding his arrest give rise to a substantial risk of flight. Each of the crimes with which Buie is charged carries a significant sentence. The conspiracy and attempted robbery charges each carry a maximum penalty of 20 years. For the kidnapping charge Buie faces a possible term of life imprisonment if convicted. Further, according to the Government, Buie provided conflicting information to investigators and to the court about his home address. The court also heard testimony from Special Agent Sarah O'Reilly of the Bureau of Alcohol, Tobacco, and Firearms, who was involved in the Government's investigation of Buie. In her view, Buie's mother could not provide assurances that Buie

would not flee should he be released.  In sum, Buie poses a serious flight risk, a factor which militates heavily against his pretrial release.

We next consider the weight of the evidence against Buie.  Significantly, one of Buie's alleged coconspirators is prepared to take the witness stand for the Government.  The victim is also expected to testify.  The Government intends to present evidence that one of the ATM cards stolen from the victim was used to withdraw money at an ATM less than two blocks from Buie's residence and only several hours after the alleged kidnapping.  There is also some video evidence that may identify Buie.

Buie argues that the victim has not conclusively identified him.  He also stresses that the Government has not yet pointed to any forensic evidence linking him to the crime.  However, based on the record before us, the Government has assembled a substantial body of evidence against Buie, a factor which weighs against pretrial release.[1]

We also note the existence of concerns that the victim, and others, will be at risk if Buie is released.  We have already noted that Buie is charged with serious, violent crimes, one of which carries the possibility of a sentence of

---

1. However, we wish to emphasize that we are not making any determination at this stage as to what verdict the jury is likely to reach at trial.

life in prison.  The victim, a key witness, is profoundly afraid that Buie or one of his codefendants will harm her.  Her fear is not unfounded.  It appears that she is at risk should Buie be released.

At the hearing Buie's mother, Lolita Tucker ("Tucker"), testified as a character witness.  Tucker noted that her son has lived in Philadelphia his entire life, does not possess a passport, and has never traveled outside the United States.  He also has two young children who live with their mother, Buie's girlfriend.  Tucker acknowledged that Buie was unemployed at the time of his alleged offense but stated that he had been poised to start a new job.  Buie provided no testimony concerning his moral standing or involvement in the community.  None of this evidence, to the extent it is favorable to Buie, is strong enough to support his release on bail.

The Government has established by a preponderance of the evidence that there is no condition or combination of conditions of pretrial release that would reasonably assure Buie's appearance at trial and the safety of any other person and the community.  See 18 U.S.C. § 3142(e), (f).  The motion of Basil Buie for modification of the conditions of his pretrial detention will therefore be denied.